IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL E. RHOADS,**

      Case No. 2:14-cv-318
   **Plaintiff,**      JUDGE GREGORY L. FROST
      Magistrate Judge Norah McCann King

v.

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## OPINION AND ORDER

This action seeks review under 42 U.S.C. § 405(g) of a decision by Defendant, the Commissioner of Social Security, that denied applications for disability benefits and supplemental security income filed by Plaintiff, Michael R. Rhoads. In a Report and Recommendation, the Magistrate Judge recommended that the Court reverse the Commissioner's decision and remand the action for further consideration of Listing 12.05C. (ECF No. 13, at Page ID # 627-28.) The matter is now before the Court for consideration of Defendant's objections (ECF No. 14) to these recommendations and Plaintiff's response (ECF No. 16).

### I. Discussion

#### A. Standard Involved

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

#### B. Analysis

1

In her September 15, 2014 Report and Recommendation, the Magistrate Judge provided the parties express notice of the deadline for filing objections and advised the parties of the consequences for failing to file objections. (ECF No. 16, at Page ID # 628.) The date of filing of the Report and Recommendation meant that any party seeking to file objections had to do so within seventeen days, which was no later than October 2, 2014. *See* Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 5(b)(2)(E); S.D. Ohio Civ. R. 5.2(b). Defendant failed to file objections until October 3, 2014, and did so without obtaining leave of Court permitting the untimely filing. A consequence of this failure to file timely objections is that this Court need not address the merits of the untimely objections, but can instead resolve the matter on the grounds of waiver. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). *See also Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450, 456 (6th Cir. 2007) (noting that a district court is "under no obligation" to consider untimely objections). Given the lack of good cause for the late filing, the Court declines to consider the untimely objections.

## II. Conclusion

The Court **OVERRULES** Defendant's untimely objections (ECF No. 14), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 13), **REVERSES** the decision of the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g), and **REMANDS** the action for further consideration of Listing 12.05C in accordance with the Report and Recommendation. The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

 /s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE